SIMON FRIEDBERG, Appellant, v. DANIEL BATES, PHILIP J. SEITER and others, Respondents.

*Bill of particulars as to assets of a savings bank, alleged to have been misappropriated by a director, the defendant — when the plaintiff should be required to furnish one.*

Appeal from an order made at Special Term, directing the plaintiff to furnish a bill of particulars.

This action was brought against certain defendants, who were alleged in the complaint to be the officers and directors of the Third Avenue Savings Bank, and who had the sole control and management of the business and assets thereof, and charges them, between the 1st day of January, 1870, and the 1st day of January, 1875, in violation of law, to have fraudulently, and for their own benefit and advantage, misappropriated a large portion of the assets of the bank, and fraudulently converted the same to their own use, by reason of which the bank became insolvent and unable to meet its obligations prior to January 1, 1875, and so remained; and further, that the true condition of the affairs of said bank, and the fact that its assets were insufficient to meet its liabilities were, at all the times mentioned, well known to the defendants, and each of them individually, but that notwithstanding such knowledge they and each of them represented and held out that it was in all respects able to meet its obligations, had a large surplus of assets and was entirely solvent; and that the defendants were guilty of representations which were made falsely and for the purpose of deceiving the public, and for their own gain and advantage. An application was made to have the complaint made more definite and certain, which was denied because it was not made within twenty days after the service of the complaint; but a motion which was brought on at the same time for a bill of particulars was granted.

The defendant Seiter, who is the respondent, alleged that he did not know of any misappropriation of any of the assets; that he was not guilty of any such action, and that he had not converted any of them to his own use, and further, that he never assented to the publication of any report showing the condition of the bank, and that he had a good and substantial defense upon the merits.

The court at General Term said : " It will be perceived that the charges against the defendant Seiter cover a period of five years, and that the complaint failed to show any specific time or place when any of the assets were misappropriated or converted, or to specify the particular assets, in amount or otherwise, which were misappropriated or converted, and it follows that the defendant is not advised of the precise acts charged against him, and which it is necessary that he should know in order to make preparation to meet them.

It seems to be very proper, when such general charges are made, that a bill of particulars should be required, and more especially when, on a motion made to make the complaint more definite and certain, the moving party has failed, in consequence of the omission to make the same within the time declared by the statute. The allegations in the complaint are grave in character, involving responsibility for the conversion of funds received in a *quasi* fiduciary capacity, the receipt of which was induced by fraudulent representations and with a fraudulent intent.

We think, under all the circumstances, that the order made in the court below should be affirmed, with ten dollars costs and the disbursements of this appeal, to abide the event."

*Henry Hoyt*, for the appellant.

*Jacob A. Gross*, for the respondent Seiter.

Opinion by BRADY, J.

DAVIS, P. J., and DANIELS, J. concurred.

Order affirmed, with ten dollars costs and disbursements.